**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| JOHNATHAN GOODWIN, ) | | |
| Plaintiff, ) | | |
| ) | | |
| v. ) | 3:08-CV-2138-M | |
| ) | | |
| VENTANA APT PRESIDENT, ) | | |
| Defendant. ) | | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the District Court in implementation thereof, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type of Case: This is an unspecified *pro se* civil action.

Parties: Plaintiff is a resident of Allen, Texas. Defendant is Ventana Apt President. No process has been issued in this case pending preliminary screening

Findings and Conclusions: On December 4, 2008, the Magistrate Judge issued a notice of deficiency and order to Plaintiff. The order notified Plaintiff that the complaint failed to comply with Rule 8(a), Federal Rules of Civil Procedure, and that he should submit an amended complaint within thirty days. The order also notified Plaintiff that his motion to proceed *in forma pauperis* was insufficient, and that he needed to submit a supplemental affidavit in support of his motion for leave to proceed *in forma pauperis*. The order cautioned Plaintiff that failure to comply with the order would result in a recommendation that the complaint be dismissed for failure to prosecute. As of the date of this recommendation, Plaintiff has failed to comply with

the above order.  Nor has he requested an extension of time to do so.

Rule 41(b), of the Federal Rules of Civil Procedure, allows a court to dismiss an action *sua sponte* for failure to prosecute or for failure to comply with the federal rules or any court order.  *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998);  *McCullough v. Lynaugh*, 835 F.2d 1126, 1127(5th Cir. 1988).  "This authority [under Rule 41(b)] flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 82 S.Ct. 1386 (1962)).

Plaintiff has been given ample opportunity to submit an amended complaint in compliance with Rule 8(a), or a supplemental affidavit in support of his *in forma pauperis* motion.  He has refused or declined to do so.  Therefore, this action should be dismissed without prejudice for want of prosecution.  *See* Fed. R. Civ. 41(b) (an involuntary dismissal "operates as an adjudication on the merits," unless otherwise specified); *Callip v. Harris County Child Welfare Department*, 757 F.2d 1513, 1519 (5th Cir. 1985) (setting out higher standard for dismissals with prejudice for want of prosecution).

Plaintiff's motion to appoint counsel should be denied.  The motion is unsupported and conclusory.  Plaintiff has not explained his efforts, if any, to obtain counsel.  Nor has he shown that his case presents exceptional circumstances warranting the appointment of counsel.

A plaintiff in a civil action is not entitled to court-appointed counsel as a matter of law. *See Castro Romero v. Becken*, 256 F.3d 349, 353 -354 (5th Cir. 2001); *Akasike v. Fitzpatrick*, 26 F.3d 510, 512 (5th Cir. 1994); *Ulmer v. Chancellor*, 691 F.2d 209, 212 (5th Cir. 1982). Appointment of counsel is warranted only if the case presents exceptional circumstances.

*Ulmer*, 691 F.2d at 212.

RECOMMENDATION:

For the foregoing reasons, it is recommended that the complaint be DISMISSED without prejudice for want of prosecution pursuant to Federal Rule of Civil Procedure 41(b), and that Plaintiff's motions for leave to proceed *in forma pauperis* and to appoint counsel be DENIED.

A copy of this recommendation will be mailed to Plaintiff.

Signed this 12th day of January, 2009.

_____
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.