IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOHNATHAN GOODWIN, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 3:08-CV-2138-M |
| | ) | |
| VENTANA APT PRESIDENT, | ) | |
| Defendant. | ) | |

**REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of reference filed on August 14, 2009, Plaintiff's motions to reopen and for leave to proceed *in forma pauperis* have been referred to the United States Magistrate Judge for recommendation or determination.

On February 18, 2009, the district court accepted the undersigned findings, conclusions and recommendation and entered judgment dismissing this case without prejudice for want of prosecution because Plaintiff had failed to file a complaint in compliance with Fed. R. Civ. P. 8(a), and submit a supplemental affidavit in support of his request to proceed *in forma pauperis*. On April 17, 2009, the district court denied a previous motion to reopen because Plaintiff had not provided a sufficient factual basis for reopening his case.

Goodwin's letter does not comply with Rule 8(a). This case was dismissed without prejudice pursuant to Rule 41(b) in part because of his failure to file a proper complaint. Because he makes no attempt to comply with the requirements of Rule 8(a) the court is left to speculate on the jurisdictional basis for his complaint. It appears that he is alleging a state law claim of slander and defamation against the apartment complex which has caused him to lose estimated millions of dollars and has caused him to be unable to get dates with female residents

of the apartment. Liberally construed, it appears that he may also be claiming that the apartment complex and its president engaged in the intentional infliction of emotional distress - another Texas state law claim.

Although the attachment to his letter is sufficient to demonstrate that he is unable to pay the required filing fee, 28 U.S.C. § 1915(e)(2)(B) authorizes a court to dismiss a frivolous action. *See e.g. Denton v. Hernandez*, 504 U.S. 25, 32-33, 112 S. Ct. 1728, 1733 (1992) (Court may dismiss a complaint as factually frivolous if the facts alleged are "clearly baseless," which encompasses claims which describe "fantastic" or "delusional" scenarios, or which "rise to the level of the irrational or the wholly incredible."); *see also Ashcroft v. Iqbal*, ___ U.S. ___, 129 S. Ct. 1937, 1949 (2009) ("[A] complaint must contain a sufficient factual matter . . . 'to state a claim to relief that is plausible on its face' . . . . The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."). The statements made in Goodwin's letter fail the plausibility standard as well.

**RECOMMENDATION:**

For the foregoing reasons it is recommended that Goodwin's motion to reopen be denied and that his request to proceed *in forma pauperis* be dismissed, the same being moot.

The Clerk will transmit a copy of this recommendation to Plaintiff.

SIGNED this 27th day of August, 2009.


_____
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE


NOTICE

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.