**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **JOHNATHAN GOODWIN,** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **3:08-CV-2138-M** |
| | ) | |
| **VENTANA APT PRESIDENT,** | ) | |
| **Defendant.** | ) | |

**REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of reference filed on October 20, 2009, Plaintiff's motion to reopen filed on September 22, 2009, has been referred to the United States Magistrate Judge for recommendation or determination.

On February 18, 2009, the district court accepted the undersigned findings, conclusions and recommendation and entered judgment dismissing this case without prejudice for want of prosecution because Plaintiff had failed to file a complaint in compliance with Fed. R. Civ. P. 8(a), and submit a supplemental affidavit in support of his request to proceed *in forma pauperis*. The district court twice denied Plaintiff's previous motions to reopen.

As with each of his prior requests, Plaintiff has failed to submit a proposed complaint which complies with the requirements of Rule 8(a), Federal Rules of Civil Procedure. Therefore, he has failed to demonstrate a basis for this court's jurisdiction.

As of the filing of this recommendation, Plaintiff has filed nine cases (seven in this court, and two in the Western District of Arkansas). Of those cases, four have been dismissed for want of prosecution because Plaintiff had failed to comply with a court order.

**RECOMMENDATION:**

For the foregoing reasons it is recommended that Goodwin's motion to reopen be denied.

The Clerk will mail a copy of this recommendation to Plaintiff at 2505 Apple Avenue,

Camden, AR 71701.

SIGNED this 21st  day of October, 2009.


WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE


NOTICE

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 10 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.